UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:05-CV-833 (CEJ) ) |
| TWIN BROTHERS CONTRACTING AND EXCAVATIONS, INC., TERRY D. JOHNSON, an individual d/b/a TWIN BROTHER'S EXCAVATION, and TERRY D. JOHNSON, an individual d/b/a TWIN BROTHERS CONTRACTING AND EXCAVATING, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motions for partial default judgment and to compel an accounting. The Clerk of Court entered default against defendants on July 25, 2005.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 *et seq.* Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Unions Nos. 42, 53, and 110 of the Laborers International Union of North America, AFL-CIO (the Unions). Plaintiffs seek unpaid contributions due pursuant to the terms of a collective bargaining agreement signed by Jerry D. Johnson, the now-deceased president of Twin Brothers Excavation, Inc. (TBE). Plaintiffs allege that Jerry's brother Terry and his business, Twin Brothers Contracting and Excavations, Inc., (TBCE)

are alter egos of TBE and are thus bound by the terms of the collective bargaining agreement, are liable for the unpaid contributions, and must submit to an accounting. Plaintiffs seek $4,035.60 in delinquent contributions, $807.12 in liquidated damages, $364.15 in interest, $1,554.00 in attorney's fees, and $291.60 in court costs.

I.  **Background**[1]

On March 24, 2003, Jerry Johnson executed the "Site, Building and Heavy and Highway Agreement" as president of TBE. The agreement Jerry Johnson signed was in effect until March 1, 2004, at which time it automatically renewed for another five-year term. Under the terms of the agreement, TBE was required to make contributions to the Pension fund (§ 5.04), the Welfare fund (§ 5.03), the Vacation fund (§ 5.05), and the Training fund (§ 5.06).

Jerry Johnson died on April 4, 2004. On April 13, 2004, defendant Terry Johnson obtained fictitious registrations for defendants "Twin Brother's Excavation" and "Twin Brothers Contracting and Excavation." On April 19, 2004, articles of incorporation were filed for defendant "Twin Brothers Contracting and Excavations, Inc." (TCBE).

---

[1] Four business entities with very similar names are at issue in this suit. They are: (1) Twin Brothers Excavation, Inc., incorporated by Jerry D. Johnson in August 2001 ("TBE"); (2) defendant Twin Brother's Excavation, a fictitious registration obtained by defendant Terry D. Johnson on April 13, 2004; (3) defendant Twin Brothers Contracting and Excavation, a separate fictitious registration obtained by Jerry Johnson on April 13, 2004; and (4) defendant Twin Brothers Contracting and Excavations, Inc. ("TCBE"), incorporated by Terry Johnson on April 19, 2004.

Plaintiffs submit letters written to the plans by Jennifer Joshet Johnson, defendant Terry Johnson's wife and secretary of TBCE. Ms. Johnson wrote that, after his brother's death, Terry Johnson named his new company "with a similar name in order to keep the recognition of work history already established by Twin Brothers Excavation, Inc." Ms. Johnson asserted that Terry Johnson was not an owner of TBE and had no authority to enter into any legally binding agreement on its behalf. TCBE has not signed an agreement with the unions and employs no laborers. The work of each company was, or is, general excavation, grading, site preparation, and clearing. TCBE also does commercial mowing and lawn maintenance. Jerry Johnson solely owned TBE and Terry Johnson solely owns TBCE. TBE employed Terry Johnson and Donnie Nichols as operators. Both men are employed as operators by TCBE. TCBE took over TBE's leases for three pieces of heavy equipment. At the time of Jerry Johnson's death, TBE was working on airport expansion on a daily time-and-materials rate. TCBE made the same arrangement with the airport. The two companies have only one supplier in common -- an insurance company.

## II. Discussion

### A. Alter Ego

Plaintiffs assert that defendant TCBE is an alter ego of TBE. If TCBE is an alter ego of TBE, it is liable for TBE's unpaid contributions and, furthermore, is bound by the terms of the collective bargaining agreement in effect until 2009. Crest Tankers, Inc. v. National Maritime Union of America, 796 F.2d 234,

-3-

237 (8th Cir. 1986) (employer which has not signed collective bargaining agreement may be so closely tied to signatory employer as to be bound to agreement); Iowa Exp. Dist., Inc. v. NLRB, 739 F.2d 1305, 1310 (8th Cir. 1984)(same). Courts apply two different standards in addressing the existence of an alter ego under labor law and ERISA. Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055-56 (8th Cir. 1997) (en banc).

The focus of the alter ego doctrine under labor law "is on the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement." Id. (quoting Iowa Exp. Dist., 739 F.2d at 1310-11). Whether one business operation is the alter ego of another depends upon whether the operations have substantially identical management personnel, business purpose, operations and employees, equipment and facilities, customers, supervision, and ownership; whether there was a hiatus in operations between the work of the businesses; and whether the later operation was created to evade the former's obligations under the collective bargaining agreement. Beetz v. R.W. Hodges Plumbing, Inc., 1993 WL 632270, *8 (E.D.Mo. Nov. 24, 1993)(citing Woodline Motor Freight, Inc. v. NLRB, 843 F.2d 285, 288-89 (8th Cir. 1988)).

The Eighth Circuit applies corporate law principles to determine employer liability under ERISA. Greater Kansas City Laborers Pension Fund, 104 F.3d at 1055. The alter ego doctrine as developed under corporate law provides that the legal fiction of

-4-

the separate corporate entity may be rejected in the case of a corporation that (1) is controlled by another to the extent that it has independent existence in form only and (2) is used as a subterfuge to defeat public convenience, to justify wrong, or to perpetuate a fraud.  Id.

In support of their contention that TCBE is an alter ego of TBE, plaintiffs allege that the two corporations "have or had some or all of the following: common or related directors, a common place of business, common employees, common equipment and materials, a common business purpose and common management and control, including common control of labor relations.  These corporate or business existences are independent of each other in form only and the independent forms are used as a subterfuge to justify wrong or to perpetrate a fraud against the plaintiffs and/or other creditors of defendants." Defendants' default constitutes an admission of these allegations, which are sufficient to establish that TCBE is an alter ego of TBE.  TCBE therefore is bound by the collective bargaining agreement and is liable for TBE's unpaid contributions.

Plaintiffs allege that Terry Johnson and his two unincorporated entities are jointly and severally liable with TBCE. The sole allegation that plaintiffs make with respect to the unincorporated entities is that Terry Johnson "continued to do business as Twin Brother's Excavation" after TBE was dissolved. In contrast with the relationship between TBE and TCBE, the complaint contains no allegations which support a finding that

Terry Johnson and the two unincorporated entities are alter egos of TBE and the Court concludes that plaintiffs are not entitled to judgment against these defendants.

### B. Contributions, Attorney's Fees, and Costs

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, interest, liquidated damages, reasonable attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

Plaintiffs submit an affidavit prepared by Bernard Difani, an accountant employed by the Plans. According to Difani, TBE submitted reports but made no contributions in 2003. Based upon its reports, Difani calculated that TBE owed the following amounts for unpaid contributions, liquidated damages, and interest for the period from April through December 2003:

| Fund[2]   | Contributions | Lqd. Damages | Interest[3] |
|-----------|--------------:|-------------:|------------:|
| Welfare   | 1,510.40      | 302.08       | 136.29      |
| Pension   | 1,770.00      | 354.00       | 159.72      |
| Training  | 226.56        | 45.31        | 20.44       |
| Vacation  | 472.00        | 94.40        | 42.59       |
| TOTALS:   | 3,978.96      | 795.79       | 359.04      |

---

[2] Difani's calculations include unpaid contributions to the Site Advancement Fund (SAF). The SAF and its trustees are not parties to this action and the complaint makes no allegations regarding the SAF. Plaintiffs thus are not entitled to default judgment with regard to the SAF and the Court will disallow contributions for the SAF.

[3] Difani calculated interest at the Internal Revenue Code rate for tax underpayments through July 18, 2005.

The Court finds that plaintiffs have established their right to recover the above amounts, for a total of $5,133.79.

Plaintiffs seek attorneys fees in the amount of $1,554.00, costs in the amount of $250.00 for the filing fee, and $41.60 for a special process server. Plaintiffs' counsel, Sherrie Schroder, attests by affidavit that lawyers worked on this matter for 9.4 hours at a rate of $145.00 per hour, a law clerk worked 3.4 hours at a rate of $55.00 per hour, and a legal assistant worked .5 hour at a rate of $75.00 per hour.[4] Plaintiffs have not provided a billing record and, in the absence of supporting documentation, the Court cannot determine whether the requested amounts are reasonable. Thus, plaintiffs' request for attorney's fees will be denied. Costs in the amount of $291.60 will be included in the judgment.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant TBCE as the alter ego of TBE in the amount of $5,133.70 for unpaid contributions, liquidated damages, and interest, and $291.60, for a total of $5,425.39.

### C. Request for Accounting

Plaintiffs seek an accounting to determine whether contributions are owed for the period beginning April 2004. Plaintiffs' motion asks the Court to compel an accounting from "defendant Terry D. Johnson, doing business as Twin Brother's

---

[4] According to the Court's calculations, this combination of hours and rates yields a total of $1,587.50.

Excavation and Twin Brothers Contracting and Excavation." The memorandum in support contends that "TBCE" (by which plaintiffs mean Twin Brothers Contracting and Excavation, the fictitious entity) has not filed any reports or submitted any contributions since its inception in April 2004 and asks the Court to compel an accounting from "Terry D. Johnson d/b/a TBE, TBCE, and TBCE, Inc." The Court has determined that plaintiffs are not entitled to judgment against Terry Johnson or Twin Brothers Contracting and Excavation and thus there is no basis upon which the Court can grant the accounting plaintiffs seek.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for partial default judgment [#8] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for default order to compel an accounting [#11] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter default judgment in favor of plaintiffs and against defendant Twin Brothers Contracting and Excavations, Inc., in the amount of $5,425.39.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 18th day of October, 2005.